FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>  v.<br><br>BRIAN JESUS ZAZUETA,<br><br>    Defendant-Petitioner. | NO: 2:23-CR-0036-TOR-1<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

  BEFORE THE COURT are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 384), and Motion to File Over-Length Motion (ECF No. 385). Petitioner is proceeding *pro se*. The Court has reviewed the record and files herein and is fully informed. Because the files and records of the case conclusively show that Petitioner is entitled to no relief, the Government was not ordered to respond. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court grants Petitioner's motion to file over-length motion, but **DENIES** Petitioner's motion to vacate.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

# BACKGROUND

On June 12, 2024, Petitioner appeared before the Court and entered a plea of guilty to Count 2 of the Superseding Indictment filed on June 21, 2023, charging him with Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine in violation of 21 U.S.C. § 841(a)(1). The Plea Agreement was a Rule 11(c)(1)(C) plea agreement that called for imprisonment of 120 months to 180 months. ECF No. 265. On October 30, 2024, Petitioner was sentenced in accordance with the binding Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to a prison term of 160 months, followed by a 5-year term of supervised release. ECF No. 326.

Petitioner waived his right to appeal (ECF No. 265) and no direct appeal was filed.

On August 21, 2025, Petitioner filed the motion to vacate. ECF Nos. 384 & 385. The Court has fully considered Petitioner's motion and the record and files.

# DISCUSSION

### A. Motion to Vacate, Set Aside or Correct Sentence

The Court first considers Petitioner's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 provides that the Court "must promptly examine [the motion]. If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . ."

Here, Petitioner is plainly not entitled to relief.

**B. Waiver of Rights to Appeal and File Any Post-Conviction Motion**

This Court also finds Petitioner waived his right to file the instant motion. Petitioner's plea agreement provides:

> Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

ECF No. 265 at ¶ 18. The Court specifically informed Petitioner of this waiver provision at the time of his plea and he acknowledged he understood it. *See* Fed. R. Crim. P. 11(b)(1)(N). While Petitioner bases his motion on claims of ineffective assistance of counsel, his motion provides no information or argument that was not available to him before sentencing. A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (citation omitted). The exception to waiver contained in his plea agreement only includes motions based upon ineffective counsel "based on information *not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant* by the time the Court imposes the

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

sentence." ECF No. 265 at ¶ 18 (emphasis added). The indictment, the plea agreement and presentence investigation report all put Petitioner on notice of the significance of each of his claims. Therefore, the Court finds Petitioner knowingly and voluntarily waived his right to file this motion to vacate.

### C. Petitioner Raises a Myriad of Claims.

Petitioner was well aware of all his claims before he was sentenced. Thus, he has waived his right to file a habeas based on ineffective assistance of counsel.

Petitioner alleges that counsel provided wrong advice on (1) the leadership enhancement and safety valve, (2) failure to request a continuance of Amendment 829, (3) Failure to obtain and challenge DEA Laboratory evidence of purity, (4) failure to challenge leadership enhancement to preserve safety valve, (5) failure to secure Amendment 821 first-time offender reduction, (6) failure to preserve safety valve reduction, (7) failure to object to prejudicial "guilt-by-association" allegations, and (8) cumulative error.

All of these issues were known to Petitioner on or before sentencing. Petitioner does not qualify for safety valve because he received 4-points for his leadership role. PSIR at ¶ 140. Defendant was not eligible for first-time offender reduction. His guideline calculation was total offense level 39 with a criminal history I, resulting in an advisory guideline range of 262 to 327 months of incarceration. Petitioner was sentenced to 160 months, within the Rule 11(c)(1)(C) plea agreement.

Petitioner has not shown any ineffective assistance of counsel that he was not aware of prior to his sentencing. Even if some of these issues were argued in Petitioners favor, the Court would still impose the 160 month period of incarceration.

**D. Certificate of Appealability**

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Petitioner is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF Nos. 384 and 385) are **DENIED**.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

2. Petitioner's Motion for over-length motion is **GRANTED.**

3. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties. This file and the corresponding civil file (2:25-CV-0320-TOR) shall be **CLOSED**.

**DATED** September 29, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 6